# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| MARCUS D. OAKES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-00168-LJM-MJD |
| | ) |
| J. F. CARAWAY Warden, et al., | ) |
| | ) |
| Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

Petitioner Marcus D. Oakes seeks immediate release from federal custody claiming that

he is actually innocent of the crimes of which he was convicted in No. 5:09-cr-81-L-1, in the

Western District of Oklahoma. Oakes' challenge to the legality of his conviction is brought

pursuant to 28 U.S.C. § 2241. For the reasons explained in this Entry, Oakes' petition for a writ

of habeas corpus must be **denied.** Similarly, his motion for bail [dkt. 24] is **denied.**

### I.  Background

Oakes is confined within this District and seeks a writ of habeas corpus pursuant to

§ 2241. At issue in this habeas action is Oakes' 84-month term of imprisonment pursuant to his

conviction for violating 18 U.S.C. §§ 924(c)(1)(A) and 2 (brandishing a firearm during a crime

of violence and aiding and abetting).[1] Oakes' convictions were a result of his guilty plea. Oakes

testified under penalty of perjury in his petition to enter plea of guilty that "I along with Delon

Baker held a gun in a frightening manner while attempting to steal a car." See Exhibit A attached

---

[1] In a separate case, also out of the Western District of Oklahoma, Oakes pled guilty to distributing
cocaine base in violation of 21 U.S.C.  § 841(a)(1) (distribution of cocaine). *See* Case No. 5:10-cr-154-F3
(W.D. Okla.); *United States v. Oakes*, 680 F.3d 1243 (10th Cir. 2012).  Oakes' cocaine base distribution
resulted in a sentence of 37 months, to be served consecutive to his 84-month brandishing conviction.

to Entry at page 10. Oakes filed his petition to enter a plea of guilty following the denial of his motion to suppress evidence. See Exhibit B attached to Entry. Oakes did not appeal his conviction or sentence, however, in 2011, Oakes filed a motion for relief pursuant to 28 U.S.C. § 2255. That motion was denied as untimely. Oakes sought to appeal the denial of post-conviction relief but a certificate of appealability was denied. *United States v. Oakes,* 445 Fed.Appx. 88, 93, 2011 WL 5009862, *4 (10 Cir. 2011).

Oakes now challenges the validity of the convictions entered in the United States District Court for the Western District of Oklahoma, Case No. 5:09-cr-81-L-1, pursuant to § 2241. Oakes argues that he is entitled to relief because he is actually innocent of these crimes. Specifically, Oakes explains that the victims of his crimes have testified that Oakes was not the perpetrator. He states that his own testimony before the court was false and that he played no role in the robbery of victims JeCorey Matthews and Rozetta Long. In support, Oakes points to an affidavit executed by JeCorey Matthews on November 24, 2010, and an affidavit executed by Rozetta Long on October 22, 2012. See dkts. 1-1 and 1-4.

## II. Discussion

The petitioner has an uphill path to travel in demonstrating that a remedy via § 2241(c)(3) should be available to him. It is his burden to show that such a remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). A writ of habeas corpus via § 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832,

2

835 (7th Cir. 2002). If § 2255 did not offer "one full and fair opportunity to contest" one's conviction, and the petitioner presents a claim of actual innocence, then a § 2241 petition may be considered on the merits. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). In other words, "[a] successive § 2255 motion is allowed if a petitioner offers newly discovered evidence that would establish that he is not guilty, or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (*citing In re Davenport*, 147 F.3d 605, 607 (7th Cir. 1998)).

As previously noted, Oakes traveled a similar path in his § 2255 action in the Western District of Oklahoma. His effort was rejected by the district court because the petition was untimely. The Tenth Circuit, however, further summarized and rejected his argument as follows:

> Mr. Oakes next argues that a new affidavit from one of the victims in his case constitutes a newly discovered fact supporting his claims. The affidavit, dated November 24, 2010, offers a victim's statement that "I'm 100% sure that Marcus Oakes was not the one that robbed me nor did he take place [sic] in the robbery." However, Mr. Oakes appears to admit that his counsel spoke to the victims before the plea bargain and that the victims told his counsel then that Mr. Oakes was not the perpetrator. "Counsel informed me he talked to the victums [sic] and they said it was not me ... however, he start [sic] telling me to plea out." Thus the victim's affidavit does not constitute a newly discovered fact; Mr. Oakes was aware of the alleged exculpatory evidence at the time of the trial and still chose to plead guilty rather than risk a trial on all three counts. The affidavit does not provide a basis for providing Mr. Oakes additional time to file his § 2255 motion.

*U.S. v. Oakes*, 445 Fed. Appx. 88, 93, 2011 WL 5009862, *4 (10th Cir. 2011).

Oakes raises the same theory of innocence in this § 2241 action. That is, he argues that the victims deny that he was the perpetrator. More specifically, however, Mr. Matthews' affidavit states that he is 100% sure that Oakes did not participate in the robbery. Dkt. 1-1. Ms. Long's affidavit states only that she never stated that Oakes committed the crime and that she could not see the perpetrator.

This Court is not "required to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). The Tenth Circuit has previously noted that the victims' assertion that Oakes did not commit a crime is not new information. Oakes was aware of the alleged exculpatory evidence prior to filing his § 2255 motion and, thus, he cannot show that the remedy offered by 28 U.S.C. § 2255 was inadequate or ineffective. In addition, the evidence does not establish that Oakes is not guilty, given the other evidence of record.

### III. Conclusion

"Litigants must live with the stories they tell under oath." *Escamilla v. Jungwirth*, 426F.3d 868, 870 (7th Cir. 2005). Oakes admitted his guilt when he voluntarily and knowingly pled guilty pursuant to a plea agreement. *See United States v. Oakes,* 445 Fed. Appx. at 90. Oakes has presented no facts that could not have been presented in his § 2255 motion that demonstrate his actual innocence nor has he shown his § 2255 remedy to have been inadequate or ineffective or configured to prevent him from presenting his claims.

Accordingly, his petition for writ of habeas corpus is **denied** and this § 2241 action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/15/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARCUS D. OAKES
17357-064
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel